ORIGINAL

Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111-4131
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Plaintiff
Google Inc.

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GOOGLE INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>OMAR JACKMAN, an individual; JOHN DOE "SIMON," an individual; JOHN DOES 2-50, individuals,<br><br>        Defendants. | CV 10 4264<br><br>COMPLAINT |

This action seeks to stop rogue online pharmaceutical sellers from using plaintiff Google Inc.'s ("Google") AdWords advertising network ("AdWords") for unauthorized purposes, in violation of Google's stated policies and the Terms and Conditions to which the advertisers agreed.

## I.   PARTIES

1.   Google is a Delaware corporation with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

COMPLAINT
Case No.

2. Defendant Omar Jackman is an individual who, on information and belief, resides at 950 Rutland Road, Apartment 405, Brooklyn, New York 11212, which is the billing address he supplied to Google when he opened an AdWords account.

3. Defendant John Doe "Simon" is an individual who, on information and belief, resides at 123 Church Street, New York, New York 10007, which is the billing address he supplied to Google when he opened an AdWords account.

4. Defendants John Does 2-50 are other individuals whose true identities and locations are unknown. Google will amend its complaint to name these individuals as their identities are determined.

## II. JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. The Court has personal jurisdiction over defendants because the Terms and Conditions governing the contractual relationship between Google and defendants state that each defendant consents to personal jurisdiction in the federal and state courts of Santa Clara County, California.

7. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, or under *id.* § 1391(a)(3) in that defendants are subject to personal jurisdiction in this District.

## III. FACTS AND BACKGROUND

### A. Google's AdWords Program

8. Google operates AdWords. AdWords is an innovative online advertising service in which advertisers bid on keywords which may trigger the presentation of advertising on the Google search results page. Whether a particular advertisement appears depends on the keyword bids, along with other factors. Because of its volume and scale, AdWords is largely self-service, with advertisers placing bids and submitting proposed ads over the Internet using automated tools.

- 2 -

COMPLAINT
Case No.

9. To participate in AdWords, an advertiser must have an AdWords account. An advertiser creates an account online, and through the sign-up process the advertiser agrees to certain Terms and Conditions that govern the account. These Terms and Conditions provide that the advertiser must comply with Google's AdWords policies, and they further provide that the advertiser will not use AdWords to advertise anything illegal or engage in any illegal or fraudulent business practice.

10. In its content policies governing AdWords, Google prohibits the promotion of online pharmacies and prescription drugs except under specific circumstances. Google allows ads targeting the United States to promote online pharmacy websites *only* if the advertised website is verified by the National Association of Boards of Pharmacy's Verified Internet Pharmacy Practice Sites ("VIPPS") program. VIPPS is a third-party verification program with stringent criteria to ensure that the website complies with applicable laws regarding the handling, sale, and shipping of prescription drugs. *See* www.vipps.nabp.net.

**B. Defendants' Unlawful and Unauthorized Efforts to Use AdWords to Promote Prescription Drugs**

11. In recent years, the number of advertisers who purport to sell prescription drugs online has grown exponentially. Some advertisers have circumvented Google's policies and practices, Google's third-party certification requirements, and Google's efforts to identify and remove offending ads. The degree of sophistication has increased and these rogue pharmaceutical advertisers continue to attempt to advertise using AdWords, notwithstanding Google's use of VIPPS verification and, prior to its use of VIPPS, other third-party certification services. Rogue advertisers also have defied Google's prohibition on the use of prescription-drug-related keywords by non-approved advertisers. These rogue advertisers continue to find ways around the technological measures Google has put in place to stop them, including tools to flag ads for pharma review and a block on the use of thousands of prescription-drug-related keywords by non-approved advertisers in the AdWords auction.

12. Defendants purport to advertise on behalf of online pharmacies, or website businesses that offer prescription drugs for sale online.

1  13.  Defendant Jackman registered the domain name www.4rx-online.com and opened an AdWords account that he used to run ads for, among other websites, www.4rx-online.com.

2  14.  Defendant John Doe "Simon" opened an AdWords account that he used to run ads for www.onlinedrpharmacy.com.

3  15.  Defendants John Does 2-50 are other individuals who opened AdWords accounts and used them to run ads for websites that offer prescription drugs for sale online. Google continues to investigate these and other rogue pharmaceutical advertisers.

4  16.  Defendants are not verified by VIPPS. Nonetheless, they have attempted to and have used AdWords to advertise prescription drugs for sale to consumers in the United States. To get their ads running, defendants violated Google's policies and circumvented technological measures Google takes to enforce its policies.

5  17.  For example, Jackman ran an ad that stated:

> Generic {keyword:Stuff}?
> You spelled it wrong but we know
> what you meant. You can buy it here
> www.4rx-online.com

Jackman's ad used keyword insertion, meaning that when it appeared on a user's screen, the word in the user's search query that triggered the display of Jackman's ad would appear after "Generic" in the top line of the ad or, if the keyword were too long, the word "Stuff" would appear. The keywords Jackman selected to trigger the display of this ad were misspellings of prescription drug terms, such as "sildennafil" instead of Sildenafil. Although Google has created a system to block thousands of prescription-drug-related terms—including misspellings—Jackman and other advertisers, including the Doe defendants, continue to create new misspellings. The combination of possible misspellings of drug terms is virtually limitless. Through the use of generic ad text and misspelled keywords, Jackman was able to evade Google's detection systems and, for a short time, get this ad into the AdWords program.

COMPLAINT
Case No.

18. As another example, John Doe "Simon" ran an ad that stated:

> Buy Online {KeyWord:Now $36 NoRx}
> {KeyWord:Buy Now Online} $36 NoRx
> Next Day Delivery {KeyWord:- Buy Now 50% off}
> OnlineDrPharmacy.com/1-877-8899-309

John Doe "Simon's" ad also used keyword insertion. Like Jackman, John Doe "Simon" selected keywords to trigger the display of this ad consisting of misspellings of prescription drug terms—such as "TRAM a dol" and "tamadol" instead of Tramadol—that evaded Google's systems. For a short time, this ad also was included in the AdWords program.

19. Defendants' ads were identified in Google's "sweeps," which is a process used to identify and inspect ads that originally passed Google's automated systems but may actually violate Google's policies and therefore should not run. Within a short time, the ads described above were caught and disapproved, so that they no longer could appear to any users.

20. Google suspended the AdWords accounts used by defendants for the aforementioned ads, and other ads. However, advertisers frequently create new accounts, sometimes using different or false contact information, and engage in the same practices in violation of Google's stated policies and the Terms and Conditions for the AdWords programs.

## IV. CAUSE OF ACTION
## BREACH OF CONTRACT

21. Google realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1 to 20 above.

22. Google and each defendant entered into a valid contract, including the AdWords Terms and Conditions.

23. Each defendant violated the contract through the actions described above and others.

24. Google performed each and every obligation it has under the contract, or is excused from doing so.

- 5 -

COMPLAINT
Case No.

25. Defendants' breaches have damaged Google in that, among other things, Google has been forced to take significant steps to implement systems designed to prevent, detect, and take action against defendants' actions.

## V. JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Google requests a trial by jury as to all issues so triable in this action.

## VI. PRAYER FOR RELIEF

WHEREFORE, Google prays for the following relief:

A. For an injunction barring defendants and their agents from advertising or attempting to advertise the sale of prescription drugs or other pharmaceutical products through Google's AdWords advertising network, without regard to contact name, address, or email address and without regard to what URL or website is advertised.

B. For judgment in favor of Google, and against defendants, for damages in such amounts as may be proven at trial;

C. For judgment against defendants for Google's costs of suit; and

D. For such other relief as the Court may deem just and proper.

DATED: September 21, 2010

**PERKINS COIE LLP**

By: *[signature]*
Bobbie J. Wilson, Bar No. 148317
BWilson@perkinscoie.com

Attorneys for Plaintiff
Google Inc.

41063-0123/LEGAL19101989.1

- 6 -

COMPLAINT
Case No.